■ In the Matter of JESSE R. HUGHES, Respondent, v SUFFOLK COUNTY DEPARTMENT OF CIVIL SERVICE et al., Appellants. —In a proceeding pursuant to CPLR article 78 to review, *inter alia,* a determination of the Suffolk County Department of Civil Service dated November 8, 1985, which affirmed a resolution of the Town of Riverhead, adopted March 14, 1984, made after a hearing, imposing a leave of absence on the petitioner from his position as police officer, the appeal is from a judgment of the Supreme Court, Suffolk County (Underwood, J.), entered September 8, 1987, which annulled the determination, remitted the matter to the town for the appointment of another Hearing Officer, directed that a new hearing pursuant

to Civil Service Law § 72 be conducted and reinstated the petitioner to his former position pending further determination.

Ordered that the judgment is affirmed, without costs or disbursements, for the reasons stated by Justice Underwood in his memorandum decision dated May 8, 1987.

Under the circumstances, the appellants' argument that the Hearing Officer's report was based on substantial evidence need not be reached. The Supreme Court made no finding with respect to whether the Hearing Officer's determination was supported by substantial evidence. Rather, the court merely remitted the proceeding for a new hearing before a new Hearing Officer after annulling a determination of the Suffolk County Department of Civil Service which affirmed the involuntary leave of absence imposed by the Town of Riverhead pursuant to Town Board resolution for failure to comply with Civil Service Law § 72 and Civil Service Directive MSD-CL-10-80. We note that we do not, at this juncture, lend our imprimatur to the reinstatement of the petitioner to his position as a police officer on a permanent basis but only for the duration of the new hearing. Kunzeman, J. P., Weinstein, Kooper and Balletta, JJ., concur.